UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNELIO B.V.,[1] <br><br> **Plaintiff,** <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security,[2] <br><br> **Defendant.** | Case No. 24-cv-3628 (GMH) |

## MEMORANDUM OPINION

This is Plaintiff's second appeal of the denial of his 2019 application for Supplemental Security Income ("SSI") under Title XVI the Social Security Act. In the first appeal, the district court in California found that the ALJ erred by relying on contradicted vocational expert testimony. The court therefore remanded for an ALJ to take new vocational expert testimony. On remand, a new ALJ not only took new vocational expert testimony, but also made new findings at other steps of the sequential analysis that conflict with those made by the previous ALJ. Based on those new findings, the second ALJ found Plaintiff not disabled. Plaintiff again appeals, arguing that the second ALJ exceeded the scope of the California district court's remand order. This Court agrees. Accordingly, the ALJ's decision is reversed and remanded with specific instructions to take new vocational expert testimony but to otherwise determine Plaintiff's eligibility based on the findings

---

[1] Plaintiff's name has been partially redacted in accordance with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum from Hon. Wm. Terrell Hodges, Chair, Comm. on Ct. Admin. & Case Mgmt. to Chief Judges of the U.S. Cts. of Appeals, Chief Judges of the U.S. Dist. Cts., Clerks of the U.S. Cts. of Appeals, and Clerks of the U.S. Dist. Cts. (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-ap-c-suggestion_cacm_0.pdf [https://perma.cc/N9T2-U5XG].

[2] The current Defendant has been substituted in place of his predecessor. *See* Fed. R. Civ. P. 25(d).

made in the first administrative decision.³

A separate order will issue.

## I. BACKGROUND

### A. Statutory and Regulatory Framework

To be eligible for SSI benefits under the Social Security Act, the claimant must be "disabled." 42 U.S.C. § 1382(a)(1). The Act defines "disabled" as "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id.* § 1382c(a)(3)(A). To make that determination, an Administrative Law Judge ("ALJ") gathers evidence, holds a hearing, takes testimony, and performs the following five-step, sequential inquiry of the disability claim:

- Step one: whether the claimant is engaging in "substantial gainful activity."⁴ If the answer is yes, then the claimant is not disabled.

- Step two: whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments.⁵ If the answer is no, the claimant is not disabled.

- Step three: whether the claimant's impairment is equivalent to one of the disabling impairments listed in the appendix of the relevant regulation, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "listings"). If the answer is yes, the claimant is disabled.

- After step three, the ALJ determines the claimant's residual functional capacity

---

³ The relevant docket entries for purposes of this Memorandum Opinion are: (1) the administrative record, ECF Nos. 6–7; (2) Plaintiff's motion for judgment of reversal, ECF No. 11; (3) Defendant's motion for judgment of affirmance and opposition to Plaintiff's motion for judgment of reversal, ECF Nos. 14–15; and (4) Plaintiff's reply to Defendant's opposition, ECF Nos. 16. The page numbers cited herein are those assigned by the Court's CM/ECF system.

⁴ "Substantial gainful activity" is work that "involves doing significant and productive physical or mental duties" and is "done (or intended) for pay or profit." 20 C.F.R. § 416.910.

⁵ An impairment or combination of impairments is "severe" if it "significantly limit[s]" a claimant's "physical or mental ability to do basic work activities," such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "seeing, hearing, [or] speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; exercising judgment; "[r]esponding appropriately to supervision, co-workers[,] and usual work situations"; or "[d]ealing with changes in a routine work setting." 20 C.F.R. § 416.922; *see also* 20 C.F.R. § 404.1522.

("RFC")—i.e., the most he or she is able to do notwithstanding his or her physical and mental limitations.

- Step four: whether the impairment prevents the claimant from performing his or her past relevant work.[6] If the answer is no, the claimant is not disabled.

- Step five: whether the claimant, considering his or her age, education, work experience, and RFC, is unable to perform another job available in the national economy. If the answer is yes, the claimant is disabled.

*See* 20 C.F.R. § 416.920; *see also id.* § 404.1520; *Butler v. Barnhart*, 353 F.3d 992, 997 (D.C. Cir. 2004); *Hines v. Bowen*, 872 F.2d 56, 58 (4th Cir. 1989).

The claimant bears the burden of proof at the first four steps of the evaluation. *Callahan v. Astrue*, 786 F. Supp. 2d 87, 89 (D.D.C. 2011). At step five, the burden shifts to the Commissioner to identify specific jobs available in the national economy the claimant can perform. *Id.* In making this determination, an ALJ may call a vocational expert to testify as to whether, based on the claimant's RFC, he or she can perform other work that exists in the national economy.[7] *Id.* at 90.

### B.     Plaintiff's Disability Claims and Procedural History

Plaintiff applied for SSI in the summer of 2019. ECF No. 11 at 2. He alleged that his chronic low back pain with sciatica, chronic neck pain, depression, and anxiety prevented him from working. *Id.* Plaintiff's application was initially denied, and an administrative hearing was held before an ALJ in late 2020. *Id.*

In early 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.*; ECF No. 6-2 at 33. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity

---

[6] "Past relevant work" is work "done within the past five years that was substantial gainful activity and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1); *see also* 20 C.F.R. § 404.1560(b)(1) (defining "past relevant work" for the purposes of DIB claims).

[7] In determining whether "unskilled, sedentary, light, and medium jobs exist in the national economy" that a claimant can perform, a VE may rely on the Dictionary of Occupational Titles, 20 C.F.R. § 404.1566(d)(1), which "provides a brief description of occupations within the national economy and lists the capabilities that each occupation requires of a worker." *Callahan*, 786 F. Supp. 2d at 90.

since applying for SSI. *Id*. at 24. At step two, the ALJ concluded that Plaintiff suffers from two severe impairments—a "spine disorder[] and depression with anxiety." *Id*. At step three, the ALJ found Plaintiff's impairments did not meet or equal a listing. *Id*. at 25. The ALJ then determined Plaintiff's RFC, finding that he could perform "sedentary work," with certain modifications, including that he could only "sit for up to six hours in an eight-hour workday." *Id*. at 26. Based on this RFC, at step four, the ALJ determined Plaintiff could not perform his past work as a carpenter. *Id*. at 31–32.

At step five, the ALJ found that an individual with Plaintiff's age, education, work experience, and RFC could perform some unskilled sedentary exertion occupations: addresser, cutter and paster, and stem mounter. *Id*. at 32–33. In making this finding, the ALJ relied on the vocational expert's testimony that an individual with Plaintiff's RFC could perform these jobs. *Id.*; *see also id.* at 55–56. But on cross examination by Plaintiff's attorney, the vocational expert admitted that an individual who could sit for no more than six hours per day, such as Plaintiff, could not perform any of those jobs. *Id.* at 59–60. Without acknowledging this apparent contradiction, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the economy and therefore concluded that Plaintiff was not disabled. *Id*. at 32–33. The Appeals council denied review. ECF No. 11 at 2; ECF No. 6-2 at 2–4.

Plaintiff appealed to the U.S. District Court for the Northern District of California. *See Valdovinos v. Kijakazi*, No. 21-cv-6013, 2023 WL 4912102 (N.D. Cal. Aug. 1, 2023) (hereinafter *Valdovinos I*). There, Plaintiff and the Commissioner agreed that the ALJ's step five finding lacked substantial evidence because of the unaddressed contradiction in the vocational expert's testimony. *Id.* at *7. But they disagreed over the proper remedy. Plaintiff argued that this error entitled him to an immediate award of benefits. *Id.* The Commissioner argued that "further administrative

4

proceedings 'would be useful to inquire as to whether there are other occupations available within the limitations of the RFC.'" *Id.* at *8 (quoting the Commissioner's brief). The Commissioner accordingly requested that the court remand the case "so that the ALJ can assess whether there were other jobs . . . that Plaintiff could have performed given the limitations in the RFC findings." ECF 7-2 at 56 (the Commissioner's motion for summary judgment).

The California district court applied the Ninth Circuit's three-part test for determining whether to remand an SSI appeal or award benefits. *Id.* Under this test, remand is required unless the court finds that: (1) the ALJ offered no "legally sufficient reason" for rejecting the evidence; (2) there are "no outstanding issues" that must be resolved to determine the claimant's eligibility; and (3) the "ALJ would be required to find the claimant disabled" had the ALJ made findings supported by substantial evidence. *Valdavinos I*, 2023 WL 4912102, at *7 (quoting *Harman v. Apfel*, 211 F. 3d 1172, 1178 (9th Cir. 2000)).

First, the court found that "the ALJ provided a legally sufficient reason" to deny Plaintiff's application. *Id.* The court explained that the "ALJ's determination was supported by careful consideration of all of Plaintiff's subjective allegations and the relevant evidence in the case." *Id.*[8]

Second, the court found that "an outstanding issue" existed: "whether Plaintiff can actually work in a new occupation . . . within his RFC limits." *Id*. As the court explained, the fact that the ALJ erred "is not on its face concrete proof that the Plaintiff is disabled" because "whether Plaintiff is capable of finding a new occupation within his RFC limitations remains unresolved." *Id.* at *8. The court thus concluded that "until an ALJ can make a determination on this issue, a disability

---

[8] This conclusion seems to be in some tension with the finding that "the ALJ relied on VE testimony that was not supported by accurate, substantial evidence." *Id.* at *8. Perhaps the court meant that the *rest* of the ALJ's findings had sufficient evidentiary support (a finding that would aid Plaintiff here), though that would not seem to be a correct application of the Ninth Circuit's remand rule, *see Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In any event, it makes no difference in this Court's analysis.

determination cannot be properly made on the merits." *Id.*

Third, and relatedly, the court found that "it is not yet clear that an ALJ would find the Plaintiff disabled once a VE makes a new occupational assessment." *Id.* The court explained that the "question of Plaintiff's disability turns entirely on the Commissioner's ability to prove that, based on Plaintiff's age, education, past work experience, and RFC limitations, he can still work." *Id.* The court concluded that "further administrative proceedings are therefore warranted" to resolve that issue. *Id.* Accordingly, the court remanded the matter to determine whether Plaintiff could work other available jobs within his RFC. *Id.*

On remand, the Appeals Council "vacated" the ALJ's decision and "remanded" the case to a new ALJ to replace the "step five findings [that were] not supported by substantial evidence." ECF No. 7-2 at 39. Thus, the Council ordered the ALJ to "[o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." *Id.* at 40 (citation omitted).

In 2024, Plaintiff found himself before a new ALJ. The new ALJ recognized that "[p]ursuant to the District Court remand order, the Appeals Council has directed the undersigned to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." ECF No. 7-1 at 8. The ALJ, however, did not hew to that directive. After holding a hearing at which the ALJ asserted that "I am not bound by any determination in the past," *id.* at 36, the ALJ issued a new decision finding Plaintiff not disabled, *id.* at 8–24. Unlike the previous ALJ, the ALJ determined that Plaintiff suffers from only one severe impairment: "degenerative disc disease of the lumbar spine." *Id.* at 12. The ALJ then made a new RFC determination: "the claimant has the residual functional capacity to perform medium work . . . with frequent climbing, balancing, stooping, kneeling, crouching, and crawling." *Id.* at 16.

6

This new RFC was much less restrictive than the previous RFC, which limited Plaintiff to "sedentary work." ECF No. 6-2 at 26. Based on this new RFC, the ALJ concluded that Plaintiff can perform a significant number of jobs and found him not disabled. ECF No. 7-1 at 23–24.

Plaintiff again appealed, now to this Court given that he has moved out of the country. ECF No. 1 at 1–2; *see* 42 U.S.C. §§ 405(g) (providing for review in this District if the claimant does not reside in a judicial district), 1383(c)(3).

## II.     LEGAL STANDARD

The Court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision will be affirmed if it is based on substantial evidence in the record and is free of legal error. *Id.*; *accord Butler*, 353 F.3d at 999; *Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63, 64 (D.D.C. 2006).

## III.     DISCUSSION

When a court concludes that an ALJ has erred, it has two options under 42 U.S.C. § 405(g). If "the administrative record has been fully developed" and "it would be virtually impossible to for [the ALJ] to find against [the claimant] on remand," then the court may reverse and order an immediate award of benefits. *Lockard v. Apfel*, 175 F. Supp. 2d 28, 34 (D.D.C. 2001). But more commonly, "there is additional evidence which can be produced to remedy the defects in the original hearing." *Martin v. Apfel*, 118 F. Supp. 2d 9, 18 (D.D.C. 2000). In that case, "the court should remand to the ALJ" for further proceedings to remedy the error. *Id.*; *see also Grant v. Kijakazi*, 619 F. Supp. 3d 128, 140–41 (D.D.C. 2022) (remanding a case "with instructions to properly consider" improperly discounted evidence).

Given the purpose of such a remand, the court "will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989). And with few exceptions, the instructions for further proceedings set forth in the remand order are binding. *Ind. Petrol. Ass'n of*

*Am. v. Babbitt*, 235 F.3d 588, 596–97 (D.C. Cir. 2001) (citing *Briggs v. Penn. R.R. Co.*, 334 U.S. 304, 306 (1948)); *see St. Mary of Nazareth Hosp. v. Heckler*, 587 F. Supp. 937, 939 (D.D.C. 1984). In other words, a limited remand is not an opportunity to take "a second bite at the apple" on issues outside its scope. *United States v. Hunter*, 809 F.3d 677, 680 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995)). Accordingly, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan*, 490 U.S. at 886.

Take *Workman v. Saul*, No. 19-cv-1252, 2020 WL 417789 (D.D.C. Jan. 27, 2020), as an example. There, the court in an earlier appeal found that the denial of the claimant's application "was unsupported by substantial evidence because the ALJ failed to give [the claimant's] treating physicians' opinions appropriate controlling weight" and remanded for the ALJ to correct that error. *Id.* at *4. On remand, however, the ALJ again "refus[ed] to give controlling weight to [the claimant's] treating physicians' reports" and "concluded that [the claimant] could 'frequently reach and handle,'" despite his treating physicians' contrary testimony. *Id.* (citation modified). On appeal from that decision, the court reiterated that "'[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.'" *Id.* (quoting *Sullivan*, 490 U.S. at 886). Thus, the court concluded that "the ALJ erred by failing to comply with this court's [prior] order regarding the weight to give [the claimant's] treating physicians' opinions." *Id.*

Here, Plaintiff argues that the second ALJ erred by exceeding the scope of the California district court's remand order. *See* ECF No. 11 at 5–8. The Court agrees. The California district court's remand order directed the ALJ to take additional vocational expert testimony to determine

8

at step five whether Plaintiff could work other jobs. *See Valdovinos I*, 2023 WL 4912102, at *7. The second ALJ exceeded the scope of that order by making entirely new findings at steps one through four of the sequential analysis. As the Commissioner concedes, "[e]xceeding the scope of [the court's] order on remand is error," ECF No. 14 at 16, and that error is "subject to reversal on further judicial review," *Sullivan*, 490 U.S. at 886. Seeking to avoid that result, the Commissioner claims that the second ALJ did *not* exceed the scope of the remand order. *See* ECF No. 14 at 16. That claim does not withstand scrutiny.

To start, the Commissioner asserts that the California district court's "remand order did not limit the proceedings on remand." ECF No. 14 at 15. To be sure, the court's formal order did not expressly limit future proceedings. *Id.* at *9 (remanding "for further proceedings consistent with this Order"); *see* ECF No. 14 at 17. But "it is entirely appropriate—and, in most cases in this circuit, necessary—to consult the opinion" to determine the scope of a court's remand order. *U.S. ex rel. Dep't of Labor v. Ins. Co. of North Am.*, 131 F.3d 1037, 1041 n.7 (D.C. Cir. 1997); *accord Bayala v. Dep't of Homeland Sec.*, 246 F. Supp. 3d 16, 22 (D.D.C. 2017); *see also Pro-Football, Inc. v. Harjo*, No. 99-cv-2385, 2006 WL 2092637, at *4 (D.D.C. July 26, 2006). And a review of *Valdovinos I* makes abundantly clear that the court remanded to resolve one "outstanding issue": "whether Plaintiff can actually work in a new occupation that it is within his RFC limits." *Valdovinos I*, 2023 WL 4912102, at *7. Accordingly, the California district court's remand order limited the ALJ to considering at step five whether jobs existed within Plaintiff's RFC.

What's more, the Appeals Council, the ALJ, and the Commissioner all recognized the limited scope of the remand order. The Appeals Council ordered the ALJ to do one—and *only* one—thing on remand: "Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." ECF No. 7-2 at 40. The ALJ

9

acknowledged that "the Appeals Council has directed the undersigned to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." ECF No. 7-1 at 8. And as Plaintiff points out, that limited remand mirrors the relief the Commissioner himself requested from the California district court: a remand "so that the ALJ can assess whether there were other jobs . . . that Plaintiff could have performed given the limitations in the RFC findings." ECF No. 7-2 at 56. So the Commissioner's eleventh-hour about-face is particularly unpersuasive.

The Commissioner next notes that "nowhere did the order specifically affirm [the first ALJ's] findings at step[s] one through four." ECF No. 14 at 18. But courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1109 (D.C. Cir. 2019) (internal quotation marks omitted) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). And no one challenged the ALJ's findings at steps one through four in the first appeal. *See Valdovinos I*, 2023 WL 4912102, at *7. Instead, the district court took those findings as the baseline and remanded to determine whether there are "any occupations in the national economy consistent within Plaintiff's RFC limitations"—that is, consistent with the existing step one through four findings. *Id.* at *8. As recounted above, that directive was clear enough for the Appeals Council and second ALJ to understand it, even if the ALJ did not follow it, and mirrored the remedy the Commissioner himself requested from the California district court.

Finally, the Commissioner claims that the second ALJ was allowed to make new findings at steps one through four because "the Appeals Council vacated" the first ALJ's decision. ECF No. 14 at 22 (citing *Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341, 1345 (11th Cir. 2023)). This misses the point. Plaintiff does not argue that the second ALJ was bound by the findings of the

first ALJ.  Plaintiff instead argues that the ALJ "did not comply with the District Court's mandate." ECF No. 11 at 6.  And the Appeals Council has no power to vacate the decision of a federal district court.  See *Myers v. Colvin*, No. 14-cv-32, 2015 WL 3830972, at *16 (E.D. Va. June 18, 2018) ("[T]he district court overrules the Appeals Council, not the other way around" (internal quotation marks omitted) (quoting *Holst v. Bowen*, 637 F. Supp. 145, 148 (E.D. Wash. 1986))).  The Appeals Council's disposition therefore had no effect on the scope of the court's remand order.

*Weidner* is not to the contrary.  There, the Eleventh Circuit held that an ALJ did not exceed the scope of a district court remand order when it established a new RFC for the claimant on remand "because the [prior ALJ's decision] was vacated."  *Weidner*, 81 F.4th at 1345.  But the court stressed that "[t]he district court order made no findings about how the ALJ erred in his determination on Weidner's disability."  *Id.*  Nor did the district court's remand order contain any limitation on future proceedings.  *See* Order, *Weidner v. Saul*, No. 19-cv-1539 (M.D. Fl. Oct. 9, 2019), ECF No. 20.  So, the court of appeals reasoned, the only prior decision that could have constrained the scope of the remand was the prior ALJ's decision, which "lost its binding effect" when it was vacated by the Appeals Council.  *Id.*  Here, by contrast, the California district court's remand order itself limited the scope of subsequent proceedings, regardless of whether the prior ALJ's decision remained in force.  That is, here, the limitation on the scope of the remand derives from the district court's order, rather than from the first ALJ's opinion, vacated or not.

In any event, *Weidner* is not binding on this court.  To the extent it stands for the broader proposition that when on a limited remand from the district court the Appeals Council vacates the original ALJ's decision, the second ALJ is free to reconsider all portions of first ALJ's disability evaluation that were not the subject of the original appeal, the undersigned declines to follow it. In such a case, the Appeals Council's vacatur itself violates the limited scope of the district court's

11

remand and runs afoul of the Supreme Court's admonition in *Sullivan* that "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error." *Sullivan*, 490 U.S. at 885–86. As noted, in our hierarchical system of jurisprudence, it is "the district court [that] overrules the Appeals Council, not the other way around." *Myers*, 2015 WL 3830972, at *16 (internal quotation marks omitted) (quoting *Holst*, 637 F. Supp. at 148).

Ultimately, the Court is unpersuaded by the Commissioner's defenses of the second ALJ's decision. Accordingly, the Court finds that the ALJ erred by exceeding the scope of the California district court's remand order when the ALJ made new findings at steps one through four of the sequential analysis. *See Sullivan*, 490 U.S. at 886. Nor was that error harmless. The second ALJ found that Plaintiff had a substantially greater RFC than the first ALJ, greatly expanding the universe of available jobs within his RFC at step five. Still, no vocational expert has testified whether jobs exist that are within Plaintiff's original RFC. Thus, over six years after Plaintiff applied for SSI, the Court must remand his case for yet further proceedings. *See Workman*, 2020 WL 417789, at *5. To avoid any confusion, the Court will expressly direct that future administrative proceedings shall be limited to allowing the Commissioner to introduce evidence that jobs exist in the economy that an individual with the RFC established by the first ALJ can perform.

## IV.   CONCLUSION

For the reasons stated above, the Court will enter an Order **DENYING** Defendant's motion for judgment of affirmance (ECF No. 14), **GRANTING** Plaintiff's motion for judgment of reversal (ECF No. 11) to the extent that it seeks a remand for further administrative proceedings, and **REMANDING** this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings *only* to determine at step five of the sequential analysis whether another

job that exists in substantial numbers in the national economy is available to Plaintiff based on the RFC established in the administrative decision of February 26, 2021, *see* ECF No. 6-2 at 26–31.

Date: October 17, 2025

                                                _____
                                                G. MICHAEL HARVEY
                                                UNITED STATES MAGISTRATE JUDGE